*filed in open court this 22nd day of August 2007*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 07-44-JJF |
| | ) | |
| DEION PRESSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and the defendant, Deion Pressey, by and through the defendant's attorney, Raymond M. Radulski, Esquire, the following agreement is hereby entered into by the respective parties:

    1.    The defendant shall enter a guilty plea to Count 7 of the Indictment, charging conspiracy to distribute and to possess with the intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and 846, and carrying the maximum penalty of 20 years incarceration; $1,000,000 fine; a life term of supervised release with a mandatory three year term; and a $100 special assessment. At sentencing the United States will move to dismiss the remaining counts of the Indictment.

    2.    The elements of conspiracy to distribute and to possess with intent to distribute heroin are as follows:

        a.    that two or more persons reached an agreement to distribute or to possess with intent to distribute heroin;

      b.   that the defendant knew of the unlawful purpose of the agreement; and

      c.   that the defendant joined in the agreement willfully that is, with the intent to further its unlawful purpose.

In this regard, the defendant admits that from on or about November 2, 2004, through on or about December 14, 2004, he conspired with Anthony Copeland and others to distribute heroin.

    3.   Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

    4.   The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

    5.   The defendant agrees to pay the special assessment of $100 the day of sentencing. Should he fail to do so and the Court orders a prison sentence, the defendant agrees to voluntarily enter the

United States Bureau of Prisons' administered Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of any outstanding debt ordered.

6. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
Raymond M. Radulski, Esquire
Attorney for Defendant

By: _____
Edmond Falgowski
Assistant United States Attorney

_____
Deion Pressey
Defendant

Dated: 8-22-07

AND NOW this 22 day of August, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

3